Filed 7/1/16  P. v. Mitchell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C081191 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM041820 & SCR95931) |
| v. | |
| STEVEN ROGER MITCHELL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Steven Roger Mitchell has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

# I

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

*Case No. SCR95931*

On September 19, 2013, defendant violated his restraining order when he peeled out of his driveway, flipped off his neighbor (the person protected by the restraining order), threw rocks at her, and yelled something like, "[T]his isn't over yet, I'll get you."

On November 4, 2013, defendant was charged by misdemeanor complaint with two counts of disobeying a court order. (Pen. Code, § 166, subd. (a)(4)--counts 1 & 2.)[1]

On October 16, 2014, defendant failed to appear in court as required for a trial setting. Thereafter, the complaint was amended to allege failure to appear. (§ 1320, subd. (a)--count 3.)

*Case No. CM41820*

On April 2, 2014, Butte County Sheriff's deputies executed a search warrant at defendant's property and found a possible methamphetamine laboratory in a shed on the property.

On August 21, 2014, defendant was charged by criminal complaint with manufacturing a controlled substance. (Health & Saf. Code, § 11379.6, subd. (a)--count 1.) The complaint was amended on June 11, 2015, to allege defendant maintained a space to manufacture a controlled substance. (Health & Saf. Code, § 11366.5, subd. (a)--count 2.)

---

[1] Undesignated statutory references are to the Penal Code.

*Entry of Pleas and Sentencing*

On June 11, 2015, defendant entered a negotiated plea of no contest to count 2 in case No. CM41820, and counts 2 and 3 in case No. SCR95931 in exchange for dismissal with a *People v. Harvey* (1979) 25 Cal.3d 754 waiver of the remaining counts in both cases, as well as all charges in case No. SCR097806. The parties stipulated to the existence of a factual basis for the pleas.

Defendant filed a motion to withdraw his pleas in both cases. The prosecution opposed the motion. On October 15, 2015, the trial court heard and denied the motion.

On December 10, 2015, the trial court placed defendant on three years of formal probation subject to specified terms and conditions, including that he serve 60 days in county jail with credit for time served. The court imposed fees and fines as set forth on page 19 of the probation report (with the exception of the recommended nonmandatory fees, fines, penalties, & assessments as to case No. SCR95931, count 2), reserved jurisdiction on the issue of victim restitution to Deborah and Nicholas D., and awarded defendant six days of presentence custody credit.

Defendant filed a timely notice of appeal in both cases.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Blease, J.

We concur:

/s/
Raye, P. J.

/s/
Duarte, J.

4